# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD FORREST, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Judge Blanche M. Manning |
| | ) | 04 C 4666 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
|     Defendant. | ) | |

## MEMORANDUM AND ORDER

In May 1999, Bernard Forrest filed for benefits under the Social Security Act (the Act), alleging disability due to high blood pressure, back pain, and arthritis. After an Administrative Law Judge (ALJ) found that the plaintiff was not disabled under the Act in February 2002, the plaintiff requested a review of the ALJ's decision. However, his request was denied, and the ALJ's finding was entered as the final decision of the Commissioner of Social Security (Commissioner) in May 2004. The plaintiff then filed a Complaint for Judicial Review. This court determined that the ALJ's decision was not supported by substantial evidence, and therefore reversed the ALJ's decision and remanded the matter back to the Commissioner. In November 2005[1], the plaintiff timely filed an application for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2414. The Commissioner asserts that the number of hours spent is unreasonable and has requested that the amount requested by the plaintiff be reduced. For the reasons set forth below, the plaintiff's application is granted in part.

---

[1]Because of certain administrative issues, the actual application that is currently before the court was not filed until March 2006.

I.   ANALYSIS

   A.   **EAJA Requirements**

Under the EAJA, a plaintiff is entitled to an award of reasonable attorney's fees if: 1) he was the prevailing party; 2) the government's position was not "substantially justified;" 3) no special circumstances existed that would render such an award unjust; and 4) the application was timely filed. 28 U.S.C. § 2414(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003).

The Commissioner does not dispute that the plaintiff is a prevailing party or that his application was timely filed. Nor does the Commissioner contend that any special circumstances exist such that an award would be unjust. As to the final factor of whether the government's position was not substantially justified (the second one noted above), "[t]he Commissioner bears the burden of establishing that her position was substantially justified." *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006) (citations omitted). Here, the Commissioner wholly fails to address this factor. Given the Commissioner's silence on an issue on which she bears the burden, the court will assume that the Commissioner has conceded that her position was not substantially justified. Thus, as the plaintiff's application satisfies all four of the requirements, he is entitled to an award of attorneys' fees.

   B.   **Reasonableness of Fees**

The Commissioner does not contend that the plaintiff should not receive an award; rather, she requests that the amount be reduced. The plaintiff must establish the reasonableness of requested fees and costs. *Harris v. Barnhart*, 259 F. Supp. 2d 775, 782 (E.D. Wis. 2003) (*citing*

*Hensley v. Eckerhart*, 461 U.S. 423, 437 (1983)).[2] In *Hensley*, the Supreme Court set forth twelve factors to consider in determining the reasonableness of attorneys' fees: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3 *(citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974)).

In addition, the court may take into account whether an award of fees will help further the purpose of the EAJA to encourage private counsel to take on representation of disability clients. *Embry v. Barnhart*, 02 C 3821, 2003 WL 22478769, at *2 (N.D. Ill., Oct. 31, 2003) (*citing Sullivan v. Hudson*, 490 U.S. 877, 883 (1989)). Keeping this authority in mind, the court will address the Commissioner's various arguments as to the reasonableness of the fees requested.

    1.    <u>The Number of Hours</u>[3]

---

[2]The *Hensley* court interpreted the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988; however, courts in this circuit have applied its reasoning to the EAJA. *See Harris*, 259 F. Supp. 2d at 782.

[3]The Commissioner does not challenge the attorneys' hourly rates. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts in this district have allowed the use of the Consumer Price Index to adjust for the cost of living. *Holland v. Barnhart*, 02 C 8398, 2004 WL 419871 (N.D. Ill. Feb. 3, 2004) (citation omitted). In this case, the plaintiff has provided proper calculations for the period in

The Commissioner characterizes the hours spent by the plaintiff's attorneys as excessive. The plaintiff asks for an award of $13,217.31 for the primary representation of the plaintiff (he also seeks an additional $3,416.75 for the drafting of the EAJA request, which the court will address later). This $13,217.31 amount includes the work of three attorneys as follows: B. Borowski spent 73.25 hours; J. Comerford spent 2.0 hours; and M. Goldbloom spent 10.6 hours for a total of 85.85 attorney hours. Paralegal Blaz also spent 1.2 hours. Thus, the total number of attorney and paralegal hours spent on the primary representation was 87.05 hours.

      a.      *Challenges to specific entries*[4]

The time log indicates that 53.25 hours was spent preparing for, drafting, and editing the plaintiff's opening brief. The Commissioner takes issue with several of the time entries associated with the opening brief. First, the Commissioner notes that Attorney Borowski spent .5/hour reading the ALJ's decision, which the Commissioner asserts was only 7 pages long. However, as noted by the plaintiff, taking one half-hour to review the ALJ's opinion to identify issues and cross-reference to the record is not unreasonable.

The Commissioner also takes issue with Borowski having taken 3 hours "writing argument other sections." According to the Commissioner, the procedural history of this matter was already described in the plaintiff's complaint. Thus, the Commissioner asserts that the purely administrative task of adding cites from the administrative record is not properly billed as

---

which the work was done, and the hourly rate requests of $151.25/hour for work performed in 2004 and $155/hour for the work performed in 2005 are within the EAJA adjusted maximum of $151.25 for 2004 and $157.76 for 2005.

[4]The Commissioner appears to assert that several time entries by the plaintiff's lawyers relating to work performed at the outset of the case are excessive. However, she fails to provide any specifics regarding these objections. The court, therefore, will not address them.

attorney time under the EAJA. She further argues that because the paralegal had already spent one hour drafting the complaint, it was improper double billing to also charge attorney time to prepare the procedural history of the case. However, the plaintiff asserts that Attorney Borowski did not use the complaint to create the procedural history section of the brief. In any event, simply because the procedural history may originally have been set forth by a different individual in a separate pleading does not mean that the lawyer preparing the brief should not have spent some time ensuring that it was accurate.

As part of this argument, the Commissioner asserts that the "standard of review" and "sequential evaluation" sections are merely "cut and pasted" from briefs written in other cases. While this may be true, the plaintiff contends that the "sections" referred to in this line item includes not only the argument but also the medical evidence, the issues section, and the conclusion, as well as proof reading the brief. The court does not find this time entry to be unreasonable.

Next, the Commissioner also challenges the 9.25 hours that Attorney Borowski spent working on the argument related to the ALJ's credibility determination. The Commissioner asserts that the first paragraph of this argument was set forth in another case, *Prochaska v. Barnhart*, 04 C 0644. While not denying this, the plaintiff first notes that this paragraph merely recites the seven factors an ALJ must use in making a credibility determination under SSR 96-7p. In any event, the plaintiff states that Attorney Borowski had not written or begun working on *Prochaska* until after writing the brief in the instant case.

The Commissioner also argues that the credibility issue is "neither new or [sic] complex." However, even if that is true, it does not necessarily mean that it does not take time to properly

identify and analyze the applicable facts and law. Social security disability cases are inherently factual and record-based, and the plaintiff spent approximately three pages detailing the credibility arguments. Indeed, this court itself spent several pages discussing in its order the erroneous credibility determinations made by the ALJ.

Further, as noted by the plaintiff, the 9.25 hours was spent not just on the credibility argument but also on the plaintiff's argument that the ALJ impermissibly played doctor. Thus, the court does not conclude that a reduction in the 9.25 hours spent on these two issues is warranted.

Finally, the Commissioner believes that the 26.25 hours that Attorney Borowski spent writing the initial draft of the brief (this includes the 9.25 hours discussed above) is unreasonable. Specifically, the Commissioner believes it is excessive in light of the fact that Attorney Borowski had met with Attorney Goldbloom for 15 minutes prior to beginning drafting to identify the issues. However, even after discussing the general issues regarding a particular case, the actual task of putting pen to paper (or, more accurately in this day and age, hand to keyboard) requires an in-depth review of the facts and an analysis of the relevant case law. Thus, this objection is overruled.

The Commissioner also notes that Attorney Borowski spent .5 hours on both 11/17/04 and 12/1/04 preparing a notice of filing and motion. Because these appear to be duplicative, and the plaintiff so concedes, the court disallows the .5 hours spent on 12/1/04.

The Commissioner goes on to challenge one entry related to the reply brief. Specifically, the Commissioner points out that Attorney Borowski met with Attorney Goldbloom on two occasions to discuss the government's response. Although the government cites to the relevant

entries and states that Attorney Borowski spent 7.00 hours meeting with Attorney Goldbloom on 1/7/05 and 1/15/05, the court notes that the text for each of these entries indicates that Attorney Borowski was doing work other than only meeting with Attorney Goldbloom. Indeed, Attorney Goldbloom only billed for .5 hours on conferences related to the reply brief.

b.   *General objection to number of hours*

In addition to the specific entries discussed above, the Commissioner generally objects to the total of 53.75 attorney hours spent on preparing for, drafting, and editing the opening brief, the 27.5 hours spent on the reply brief, and the 23.3 hours related to the EAJA application. Ultimately, the plaintiff is seeking compensation for 110.35 hours of attorney and paralegal work.

The plaintiff points out that this was only the second brief written by Attorney Borowski. It is true that issues that may seem straightforward to an experienced social security disability litigator are not to a lawyer new to this area of the law and that work performed by a junior attorney may be less efficient. Nevertheless, the EAJA statutory cap associated with these cases makes it more efficient for less experienced attorneys to draft the briefs and allow the more experienced attorneys to save time by reviewing, editing, and advising. It is entirely appropriate (and indeed reflects the realities of the market) that a senior attorney will guide and advise a junior attorney rather than take the laboring oar with respect to researching and drafting briefs. *See Holland,* 02 C 8398, 2004 WL 419871, at *2 (finding proper billing by senior attorney for editing junior attorney's work). This set-up also gives the senior attorneys the opportunity to spend their time on clients who are paying market rates.

All this being said, the court finds the number of hours for which the plaintiff requests to be compensated to be excessive. The numbers of hours sought to be reimbursed by the plaintiff

are far outside and sometimes almost twice as much as EAJA allowances in other social security cases. *See, e.g., Holland*, 02 C 8398, 2004 WL 419871, at *2-3 (56.35 hours for primary representation and EAJA request reasonable); *Elster v. Barnhart*, 01 C 4085, 2003 WL 21799938, N.D. Ill. July 29, 2003) (55 hours for primary representation and EAJA request were reasonable) (*citing Rice v. Apfel*, 16 F.Supp.2d 971, 975 (N.D. Ill.1998) ($8,250.68 in fees reasonable for 62.84 hours of work); *Willis v. Barnhart*, No. 99 C 3437, 2002 WL 31779907, at *3 (N.D. Ill. Dec. 11, 2002) ($8,002.68 in fees reasonable for 56.25 hours of work); *Stringer v. Apfel*, No. 97 C 1223, 1998 WL 774138, at *3 (N.D. Ill. Oct. 29, 1998) ($7,848.18 in fees reasonable for 48.51 hours of work)). *See also Wirth v. Barnhart*, 325 F. Supp. 2d 911, 914 (E.D. Wis. 2004) (allowing 61 hours for primary representation and EAJA request) (omitting citations to other cases in which that same court allowed EAJA applications for 61.05, 38.5, 53.6, 54.2, 66.95, 53.5, 56.2, and 56.3 hours); *Cuevas v. Barnhart,* 02 C 4336, 2004 WL 3037939, at *2 (N.D. Ill. Dec. 30, 2004) (allowing 59.5 hours for primary representation and EAJA request).

The plaintiff has failed to provide any reason why the instant case falls outside the normal range of hours required to properly prosecute such a claim. Indeed, other than one case in the District of Hawaii, the plaintiff has failed to cite one case in this circuit in which such high numbers were allowed. With these observations as background, the court will look at the hours spent on each the opening brief, the reply brief and the EAJA application.

### i. Opening brief

As for the opening brief, the time entries demonstrate that after Attorney Borowski spent 30.25 hours preparing for and drafting the initial brief, she met with Attorney Goldbloom for .75 hours to discuss the case issues. Attorney Borowski then spent another 8.25 hours revising and

gave the draft to Attorney Goldbloom, who spent two hours reviewing and editing the brief. Attorney Borowski then spent another approximately 9.5 hours revising the brief. Attorney Goldbloom then performed a final review and edit of the brief for 1.25 hours.

The court has reviewed the entire record in this case. Based on the specific facts and legal issues presented, the court finds that 53.75 hours preparing for, drafting and editing the opening brief to be excessive. Indeed, several of the cases cited by the plaintiff show that courts have awarded fees in cases where the number of hours for *both* litigation and the EAJA request were not far from the 53.75 hours spent by Attorneys Borowski and Goldbloom in drafting the opening brief. While the court appreciates the quality of the plaintiff's brief, which was largely prepared by Attorney Borowski, the court, in its discretion, reduces the number of hours spent by Attorney Borowski by 20 hours to 30 hours[5], in order to ensure that the amount of time accurately reflects the specifics of this case.

### ii. *Reply brief*

As for the reply brief, the Commissioner objects to the 27.5 hours spent by Attorneys Borowski (20.5 hours) and Goldbloom (7 hours – 5.5 of these were spent editing). As a general matter, in a reply brief, the plaintiff is required to respond to any arguments raised by the opposing party. Thus, reply briefs are often more detail oriented and complex as they must be focused on the arguments as raised by the respondent. Indeed, as noted by another court addressing an EAJA filing, "more often than not, plaintiffs who prevail do so by providing a thorough exegesis of the record, pointing out various pieces of evidence that the administrative

---

[5] Attorney Borowski spent 50.5 hours on the plaintiff's opening brief from 11/3/04 to 12/2/04. However, the court has already disallowed .5 hours as duplicative. Thus, the court reduces Attorney Borowski's hours based on 50 and not 50.5 hours.

law judge overlooked or misrepresented, and explaining why those oversights are material to the outcome." *Nickola v. Barnhart*, 03-C-622-C, 2004 WL 2713075, at *2 (W.D. Wis. Nov. 24, 2004).

Accepting this as true, however, the court finds that the 20.5 hours spent by Attorney Borowski are unreasonable given the facts and arguments marshaled in the reply brief in this case. Accordingly, the court reduces her hours by 5 hours. Moreover, while acknowledging that it was entirely appropriate for Attorney Goldbloom to supervise Attorney Borowski, the court finds that the 5.5 hours spent by Attorney Goldbloom editing a 15-page reply brief to be slightly excessive, and thus reduces the amount awarded by two hours to 3.5 hours.

### iii. EAJA application

In addition to the request for $13,231.31 for the primary representation of the plaintiff, the plaintiff also requests $3,416.75 in attorney and paralegal time in preparing the EAJA request. This breaks down as follows: Paralegal Blaz spent 4.4 hours ($100/hour for a total of $440) drafting the initial EAJA application, speaking with opposing counsel, drafting a motion to reinstate, and preparing notices and motions for filing; Attorney Borowski spent 17.65 hours ($157.50/hour for a total of $2,779.875) analyzing the defendant's EAJA response brief and drafting the EAJA reply, researching, and appearing in court on a briefing schedule; Attorney Daley spent 1 hour ($157.50) reviewing and editing the reply brief; Attorney Borowski spent .25 hours ($39.375) making revisions, proofing, cite checking and editing.

The EAJA allows attorneys to be compensated for time spent preparing the EAJA application. *Commissioner v. Jean*, 496 U.S. 154 (1990). The court finds, however, that the 17.65 hours spent on drafting the reply brief is out of line with what one would reasonably expect

for drafting a reply brief related to fees as the Commissioner's brief raised no novel or even unusual issues. As such, the court reduces the 17.65 by 7 hours to 10.65 hours for Attorney Borowski.

2. Time Spent Requesting Extension of Time

The Commissioner also objects to the one hour spent by Attorney Comerford in obtaining a single extension. The court does not find the request for an extension or the amount billed to be unreasonable. *See Samuel v. Barnhart*, 316 F. Supp. 2d 768, 779-80 ( Wis. 2004) (concluding that request for one extension and minimal amount of time spent on such an extension was reasonable).

3. Paralegal Rate

The Commissioner next challenges the $100/hour rate for Paralegal Blaz as well as certain services she performed. As to the latter, the Commissioner argues that her fees should be reduced by the amount of time that she only performed secretarial type services rather than litigation support. The Commissioner cites to two entries for .10/hour each. One was for "sending out proof of service" and the other was for calling defendant's counsel about no answer having been filed. While these two tasks may have been performed by a secretary in some firms, it is perfectly reasonable, especially in a smaller firm, to have a paralegal perform these types of tasks.

As to the rate, the Commissioner argues that a rate of $50 to $75/hour is more appropriate, and cites several cases in which the court allowed those amounts. The plaintiff, on the other hand, cites to cases in which $95 to $100/hour was permitted. Here, Paralegal Blaz has worked at the firm for five years and, the plaintiff contends, has significant experience with social

security disability cases. Moreover, she is scheduled to graduate from law school in December 2006. The court agrees that the rate of $100/hour is appropriate for the Chicago market for a paralegal of Ms. Blaz's experience. *Embry v. Barnhart*, 02 C 3821, 2003 WL 22478769, at *3 (allowing a paralegal rate of $95/hour and stating that "[t]his rate takes into account the fact that the paralegal and law clerk who worked on this case are located in the comparatively-expensive market of Chicago, and compensates Plaintiff's attorney in a reasonable amount for his cost-efficient approach to staffing this case."). *See also Rohan v. Barnhart*, 306 F. Supp. 2d 756, 774 (N.D. Ill. 2004) (allowing rate of $95/hour for paralegal); *Barrientos v. Barnhart*, 00 C 7407, 2004 WL 1381126, at *2 (N.D. Ill. May 7, 2004) (allowing paralegal rate of $100/hour as reasonable, which rate also was not challenged by the government).

## II.  CONCLUSION

In addition to over 86 hours of attorney and paralegal time on the primary representation, the plaintiff also seeks 23.3 hours for the EAJA application, for a total of 109 hours. For the reasons provided above, the court deems it appropriate to reduce the number of hours. The court has reduced the hours requested as follows:

<u>Attorney Borowski</u>:   20 hours at $151.25 (opening brief – 2004)

.5 hours at $151.25 (duplicative preparation of notice – 2004)

5 hours at $155.00 (reply brief – 2005)

7 hours at $157.50 (EAJA request – 2006)

<u>Attorney Goldbloom</u>:   2 hours at $155.00 (editing reply brief – 2005)

These reductions still compensate the plaintiff for 75.85 hours of attorney and paralegal

time while bringing the request more in line with other social security disability cases. Thus, the plaintiff's motion for fees [33-1] is granted in part and denied in part. In the court's discretion and based on the court's assessment of the complexity of this particular case, the plaintiff is awarded fees and costs as follows: 2004 time (35.35 atty. hours x $151.25 = $5,346.6875) plus 2005 time (23 atty. hours at $155.00 = $3,565.00) plus 2006 time (10.9 atty. hours at $157.50 = $1,716.75) plus paralegal time (5.6 hours at $100.00 = $560.00) plus copying costs of $14.00 (140 pages at .10/page) for a total award of $11,202.437.

**ENTER:**

**DATE: May 12, 2006**

*Blanche M. Manning*
**Blanche M. Manning**
**United States District Judge**